### THE MARY J. ROBBINS.

(District Court, D. New Jersey. March 5, 1900.)

COLLISION—DRIFTING OF VESSEL FROM ANCHORAGE—INEVITABLE ACCIDENT.
    The schooner Robbins was forced by stress of weather to put into an anchorage, where she cast two anchors, one of which was attached to a chain, and the other to a new hawser of ample strength. In some unknown manner the hawser became cut, and the schooner, dragging the other anchor, drifted during the storm against another vessel which had subsequently anchored to the leeward, and injured her. *Held* that, in the absence of evidence of any negligence on the part of her crew, the injury must be held to have been due to inevitable accident, for which the schooner was not responsible.

**In Admiralty. Libel for collision.**

Wilcox, Adams & Green, for libelant.
Henry R. Edmunds, for claimant.

KIRKPATRICK, District Judge. After a careful consideration of the very contradictory testimony in this cause, I find the facts to be that the schooner Robbins, a vessel of about 14 tons, was on December 23, 1897, forced by stress of weather to put into Assataague anchorage, on the coast of Virginia. It was not yet dark when she anchored in a cove which was regarded the safest part of the harbor. She first dropped her port anchor, attached to a new, five-inch Manilla hawser, and then her starboard anchor, attached to a chain. Afterwards, and about half past 7 o'clock the same evening, the schooner Holmes went into the same harbor, and anchored in the same cove where the Robbins lay, and about 100 yards astern and to leeward of the Robbins. The distance I fix by the testimony of Capt. Rich, who was connected with the United States life-saving station at that point, and who seems to be the only disinterested witness who spoke in regard to the matter. During the night the gale increased, the hawser which was attached to the starboard anchor of the Robbins parted, the port anchor was unable to hold her, and she therefore dragged and drifted to leeward until she fouled the Holmes, and caused the injury complained of. I am satisfied from the evidence of the captain and crew of the Robbins, corroborated as it is by the testimony of Capt. Rich and Mr. Hudson, of the life-saving station, that the Robbins was properly anchored, and that there was no fault or negligence in having her starboard anchor attached by a hawser instead of a chain. The hawser was new, well seized and sewed, and "large enough," as testified to by Capt. Rich, "to hold a vessel three times the size of the Robbins." Why it parted does not seem clear. "It appeared as though it was cut square in two with a sharp instrument," is the testimony of Evans, the master of the Holmes. "It was cut squarely off, and there was nothing to indicate that the hawser had been cut by the vessel," said Capt. Rich, who had made an examination of the hawser at the time of the accident. It is evident that the parting of the hawser was due to some other cause than that of the strain of the vessel upon it, and that, owing to the extraordinary violence of the storm, the port anchor was not sufficient to hold the Robbins fast. I am satisfied from the evidence that, having used the necessary precautions in properly anchoring the Robbins, the captain and crew left nothing undone to prevent collision after she began to drag and drift. It does not appear that those in charge of the Holmes did anything to avert the catastrophe. They say they could not. It is certain that after the collision they rendered no aid to the Robbins, but, on the contrary, cut the lines which they attached to the Holmes to hold her, whereby she drifted ashore. To my mind, it is immaterial whether there was contributory negligence on the part of the Holmes, by reason of improper selection of anchorage, and the failure to keep a lookout or to have an anchor light, though

there is testimony tending to substantiate such charges, because, on the whole case, I am of the opinion that the collision was due to an inevitable accident, for which the Robbins should not be held responsible. The libel should be dismissed, with costs.